**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN ADAN SERRANO SERRANO,<br>Petitioner,<br>-against-<br>WARDEN OF DETENTION FACILITY AT 26 FEDERAL PLAZA, NEW YORK, NY,<br>Respondent. | 26-cv-6602(JAV)<br>**PROTECTIVE ORDER** |

JEANNETTE A. VARGAS, United States District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential material that will be exchanged in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protection on all disclosures, and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of the foregoing, and based on the representations of the Parties that a production from Respondent in this case will involve confidential documents or information, the public disclosure of which would cause harm to the producing person and/or a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause to issue an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY ORDERED** that any person subject to this Protective Order—including, without limitation, the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing

discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Pursuant to 5 U.S.C. § 552a(b)(11), this Protective Order authorizes the United States to produce information that otherwise would be prohibited from disclosure under the Privacy Act (5 U.S.C. § 552a) without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to court order, this Protective Order constitutes such a court order and authorizes the disclosure of that information.

2. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at any hearing of any document, testimony, or other evidence.

3. Respondent may produce, on an attorneys' eyes only basis, a copy of a photograph of the individual that was the target of the ICE enforcement action on August 1, 2026 (as referenced in Respondent's response to the habeas petition, Dkt. No. 12) (the "Target Photograph Copy"). The Target Photograph Copy, which will be marked "ATTORNEYS' EYES ONLY," may not be disclosed by Petitioner's counsel (Yuri Hovhannisyan) to any other person except to the Court and to any other counsel for Petitioner that files a Notice of Appearance on behalf of Petitioner in this action.

4. Petitioner's counsel may use the Target Photograph Copy solely for the this habeas action and any appeals thereof, and not for any business, commercial, or competitive purpose, or in (or in connection with) any other litigation or proceeding. Nothing in this Protective Order, however, will affect or restrict the rights of Respondent with respect to its own use of the Target Photograph Copy. Nor does anything in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from, and not through or pursuant to, the Federal Rules of Civil Procedure.

5. Nothing herein will prevent any person subject to this Protective Order from producing the Target Photograph Copy in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request or process shall provide written notice to Respondent before

disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Respondent will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

6. In accordance with Section 10(C) of this Court's Individual Rules and Practices in Civil Cases, any party filing documents under seal must first file with the Court a letter-motion explaining the basis for sealing such documents. The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation omitted). There is no presumption that Confidential Discovery Material will be filed with the Court under seal.

7. The Court also retains unfettered discretion whether to afford confidential treatment to any Discovery Material designated as Attorneys' Eyes Only and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

8. In filing the Target Photograph Copy with this Court, or filing portions of any pleadings, motions, or other papers that information contained in the Target Photograph Copy ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System ("ECF"). The Parties shall simultaneously file under seal via ECF (with the appropriate level of restriction) an unredacted copy of the Confidential Court Submission with the proposed redactions highlighted.

9. Each person who has access to the Target Photograph Copy shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. The Target Photograph Copy shall be maintained by Petitioner's counsel in a manner that is secure and confidential. In the event that any person that receives the Target Photograph Copy experiences a data breach, the Petitioner's counsel shall immediately notify Respondent's counsel of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute

a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the certification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation and will continue to be binding upon all persons to whom the Target Photograph Copy is produced or disclosed. Within 30 days of the final disposition of this action, all copies the Target Photograph Copy in the possession of the Petitioner's counsel shall be destroyed. Petitioner's counsel must certify the destruction of the Target Photograph Copy by submitting a written certification to the producing Party that affirms that the recipient has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys specifically retained by the Parties for representation in this

action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

17. All persons subject to this Protective Order acknowledge that willful violation of the Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

/s/ Charles S. Jacob

Dated: 09/17/2026
Assistant U.S. Attorney Charles S. Jacob
*Counsel for Respondent*

Dated: **09/17/2026**
Yuri Hovhannisyan, Esq.
Counsel for Petitioner

SO ORDERED.

Dated:

September 21, 2026

New York, New

York

JEANNETTE A. VARGAS
United States District Judge