UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KEVIN ADAN SERRANO SERRANO,<br>Petitioner,<br>-v-<br>WARDEN OF DETENTION FACILITY AT 26 FEDERAL PLAZA, NEW YORK, NY,<br>Respondent. | : | 26-CV-06602 (JAV)<br><br>MEMORANDUM OPINION AND ORDER |

JEANNETTE A. VARGAS, United States District Judge:

On August 1, 2026, Petitioner Kevin Adan Serrrano Serrano ("Petitioner") filed a Petition for the writ of *habeas corpus* under 28 U.S.C. § 2241. ECF No. 1 ("Petition" or "Pet."). Petitioner alleged, *inter alia*, that U.S. Immigration and Customs Enforcement ("ICE") violated his Fourth Amendment rights when ICE arrested him after mistakenly identifying him as the subject of an enforcement action due to what Petitioner alleges was racial profiling. ECF No. 15 ("Reply") at 1-3. While in custody, Petitioner admitted that had entered the United States illegally through Mexico, and that he has resided in the United States for approximately 12 years. ECF No. 12 at 1. ICE contacted a supervisory officer, who issued a Warrant of Arrest of Alien (Form I-200) for Petitioner and determined that Petitioner was subject to discretionary detention under 8 U.S.C. § 1226(a). *Id*. at 2-3.

Following a hearing held on September 24, 2026, the Government informed the Court by letter that ICE had released Petitioner from its custody on September

25, 2026. ECF No. 31. In its letter, the Government moved to dismiss the action as moot, and requested that the briefing schedule and evidentiary hearing be adjourned *sine die*. *Id.* Petitioner opposed dismissal, arguing that his release from confinement does not render his habeas petition moot, and if it does, his request for suppression of evidence is sufficient to create an exception to mootness. *See generally* ECF No. 33 ("Pet.'s Opp. to Dismissal"). For the reasons that follow, the Court **DISMISSES** the action as moot.

## LEGAL STANDARDS

"A court has jurisdiction over a habeas corpus petition if the petitioner is in custody under or by color of the authority of the United States." *Berrezueta v. Decker*, No. 20-CV-10688 (MKV), 2021 WL 601649, at *1 (S.D.N.Y. Jan. 11, 2021) (quoting *Yafaee v. Holder*, No. 09-CV-7946 (JCF), 2010 WL 451030, at *2 (S.D.N.Y. Jan. 29, 2010)) (quotation marks omitted). "However, [a] case is moot if it no longer presents a case or controversy within the meaning of Article III, Section 2 of the Constitution." *Yaffaee*, 2010 WL 451030, at *2 (cleaned up); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

"In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) (citation omitted). "A case that becomes moot at any point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts." *Doe v. Decker*, No. 18-CV-3573 (GBD)

(KNF), 2019 WL 2513838, at *2 (S.D.N.Y. June 18, 2019) (quoting *United States v. Sanchez-Gomez*, 584 U.S. 381, 385-86 (2018)) (cleaned up).

"When a habeas petitioner challenges solely his detention, but is subsequently released prior to removal, courts routinely dismiss the petition as moot, finding no persisting case in controversy." *Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012) (quoting *Karamoke v. U.S. Homeland Security*, No. 09-CV-4089 (GBD) (JCF), 2009 WL 2575886, at *1 (S.D.N.Y. Aug. 20, 2009)); *see also Johnson v. Reno,* 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in (INS) custody."); *Sokolov v. Holder*, No. 13-CV-0947 (PAE), 2013 WL 12377011, at *2 (S.D.N.Y. Aug. 13, 2013) ("[A] petitioner's release from custody generally moots a habeas petition challenging that custody.") (collecting cases); *Berrezueta*, 2021 WL 601649, at *1 ("Release from custody generally renders a habeas petition moot."). Furthermore, where "the relief Petitioner seeks in his habeas petition is based entirely on his detention by Respondents . . . his release from detention [makes] it impossible for [a C]ourt to grant any effectual relief." *Doe*, 2019 WL

2513838, at *2 (quoting *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006)) (cleaned up).

**DISCUSSION**

Courts in this district have held that a Petitioner's release from ICE custody renders his habeas petition seeking release moot. Petitioner fails to present any convincing arguments to the contrary.

Petitioner first argues that his release from ICE custody does not render his habeas claim moot because "Respondents have not indicated whether or when they intend to re-detain the Petitioner." Pet.'s Opp. to Dismissal at 1. Petitioner therefore claims that his case is subject to the "narrow exception" for a "claim that, though technically moot, is 'capable of repetition, yet evading review[.]'" *Paul v. Decker*, No. 20-CV-2425 (KPF), 2021 WL 1947776, at *6 (S.D.N.Y. May 14, 2021) (quoting *Altman* v. *Bedford Cent. Sch. Dist.*, 245 F.3d 49, 71 (2d Cir. 2001)). The capable of repetition exception applies "only in exceptional situations where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Coronel v. Decker*, No. 20-CV-2472 (AJN), 2023 WL 199192, at *4 (S.D.N.Y. May 14, 2021) (cleaned up). Petitioner bears the burden of demonstrating that the exception applies. *See id.* (citing *Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3, 6 (2d Cir. 1996)).

As courts in this district have held, courts have found a petitioner's habeas claim moot even when re-detainment by ICE was still possible. *See, e.g.*, *Coronel*,

2023 WL 199192, at *4(dismissing habeas claim as moot after Petitioner was released from ICE custody because live controversy no longer existed, even where petitioner was detained under 8 U.S.C. § 1226(a) and argued that "[r]espondents are overwhelmingly likely to retain him"); *De Melo v. Decker*, No. 20-CV-2643 (ALC), 2021 WL 4460970, at *4 (S.D.N.Y. Sep. 28, 2021) ("[E]ven though removal proceedings against [petitioner] are still pending and ICE could re-detain him, the Petition is nonetheless moot because there is no longer an actual controversy between the parties."); *Pierre-Paul v. Sessions*, 293 F. Supp. 3d 489, 493 (S.D.N.Y. 2018) (dismissing a habeas petition as moot following petitioner's release from ICE custody, noting that "[t]he mere potentiality that [p]etitioner may be re-detained because she is under a removal order is insufficient to warrant this Court's retention of jurisdiction over the case"). Therefore, the fact that Petitioner may be subject to re-detainment by ICE is insufficient to avoid dismissal of this Petition.

Additionally, the core of Petitioner's habeas claim is that his Fourth Amendment rights were violated when ICE arrested him after mistakenly identifying him as the subject of an enforcement action due to what Petitioner alleges was racial profiling. Reply at 1-3. Petitioner has not alleged facts that demonstrate a reasonable expectation that he would be subject to the same action again.

Petitioner next argues that his request to suppress evidence of his post-detention admissions in his upcoming immigration proceedings suffices to create a live case or controversy. Yet such relief cannot be granted in habeas. *See DHS v.*

*Thuraissigiam*, 591 U.S. 103, 119 (2020) ("Claims so far outside the 'core' of habeas may not be pursued through habeas."); *see also Funes v. Francis*, 810 F. Supp. 3d 472, 501 (S.D.N.Y. 2025) ("Where a party seeks relief beyond simple release, the Supreme Court has held such claims to be so far outside the core of habeas that they may not be pursued through habeas." (cleaned up)); *Parada Cruz v. Mullin*, 837 F. Supp. 3d 404, 418 (E.D.N.Y. 2026) ("In the immigration context, a petitioner cannot obtain relief far beyond the core of habeas as a remedy for unlawful executive detention." (cleaned up)).

**CONCLUSION**

For the above reasons, the Court **DISMISSES** the Petition as moot. The Clerk of Court is instructed to terminate all pending motions and to close the case.

SO ORDERED.

Dated: October 6, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge